**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas Parrella, et al., | No. CV-19-05644-PHX-DLR |
| Plaintiffs, | **ORDER** |
| v. | |
| Salient Arms International Incorporated, et al., | |
| Defendants. | |

Before the Court is Defendant Reactive Gunworks LLC's ("Reactive") motion to dismiss for lack of personal jurisdiction, which is fully briefed. (Docs. 13, 27, 29.) For the following reasons, the Court will deny Reactive's motion.

**I. Background**

This case arises from alleged injuries suffered by Thomas Parrella when his Glock 17 firearm inadvertently fired and hit his leg. Mr. Parrella, an Arizona resident, is the exclusive owner of Bulletproof Securities, Inc. ("Bulletproof Securities"), an Arizona corporation. (Doc. 1-2 at 2; Doc. 27 at 2.) In December 2014, Mr. Parrella sought to purchase a Salient Arms firearm. (Doc. 27 at 2.) He asked Pierce Richardson, an employee of Haley Strategic Partners, LLC ("Haley"), an Arizona corporation operating in Scottsdale, to locate a Salient Arms firearm for him to purchase. (*Id.* at 3.) Mr. Richardson located a Glock 17 for Mr. Parrella to purchase from Reactive, a Utah corporation with its principal place of business in Salt Lake City. (*Id.*) Mr. Parrella then purchased the firearm

and requested that Reactive send it to Mr. Richardson's Scottsdale address so he could install a sight on it. (*Id.*) Mr. Richardson received the Glock 17, installed a sight, and transferred it to Mr. Parrella on or around December 29, 2014. (Doc. 1-2 at 4.) On November 30, 2017, Mr. Parrella accidentally dropped the gun, which fired and shot him in the left leg. (*Id.*)

On September 20, 2019, Mr. Parrella and his wife, Elizabeth Parrella, filed suit in Maricopa County Superior Court. (*Id.*) Defendants removed to this Court on November 18, 2019. (Doc. 1.) Reactive filed its motion to dismiss for lack of personal jurisdiction on November 19, 2019. The motion is ripe for ruling.

**II. Legal Standard**

A plaintiff bears the burden of establishing that jurisdiction is proper when faced with a defendant's motion to dismiss for lack of personal jurisdiction. *Boschetto v. Hansing*, 539 F.3d 1011, 1015 (9th Cir. 2008) (citation omitted). If the Court, as here, decides the motion without an evidentiary hearing, the plaintiff need only make a prima facie showing of the jurisdictional facts and "[c]onflicts between the parties over statements contained in affidavits must be resolved in plaintiff's favor." *Id.* (quoting *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 800 (9th Cir. 2004)). Personal jurisdiction may be general or specific. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). To establish specific personal jurisdiction over a non-resident defendant, the following three prong test must be met: (1) the defendant purposefully directed its activities or consummated some transaction with the forum or a resident thereof; (2) the claim arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction is reasonable so as to comport with fair play and substantial justice. *Dole Food Co., Inc. v. Watts*, 3030 F.3d 1104, 112 (9th Cir. 2002). The plaintiff has the burden of proving the first two prongs. *Schwarzenegger*, 374 F.3d at 802. If the plaintiff is successful, the burden shifts to defendant to show that being subject to the jurisdiction of the forum state would be unreasonable. *Id.*

### III. Discussion

The parties do not dispute that Reactive is not subject to the Court's general personal jurisdiction. Rather, Mr. Parrella contends that Reactive is subject to the Court's specific personal jurisdiction. The Court finds that specific personal jurisdiction over Reactive is proper. First, Plaintiff has shown that Reactive purposefully consummated a transaction with a resident of the forum. Specifically, Reactive directly sold its Glock 17 to Mr. Parrella, an Arizona resident, after engaging in discussions with Mr. Richardson, another Arizona resident and employee of an Arizona corporation.[1] (Doc. 27-1 at 15.) Second, Mr. Parrella's claims arise from the alleged malfunction of the same Glock 17 sold by Reactive to Mr. Parrella. Third, Reactive has not shown that the Court's exercise of personal jurisdiction would be unreasonable. In fact, Reactive makes no argument as to the third prong, stating only that "[b]ecause the claims do not arise out of or relate to Reactive's Arizona related activities, the Court need not analyze the remaining element of the specific jurisdiction test." (Doc. 13 at 12.) Accordingly,

**IT IS ORDERED** that Reactive's motion to dismiss for lack of personal jurisdiction (Doc. 13) is **DENIED**.

Dated this 29th day of January, 2020.

Douglas L. Rayes
United States District Judge

---

[1] Mr. Richardson was not a party to the purchase of the subject firearm. Instead, he helped locate the Glock 17 on Mr. Parrella's behalf. (Doc. 27-1.) Evidence also suggests that Reactive was aware that Mr. Parrella was the purchaser. Reactive initially prepared to ship the firearm to Bulletproof Securities at 207 East Clarendon Ave. Phoenix, Arizona and requested the Federal Firearm License of Bulletproof Securities to complete the transaction, which was made with Mr. Parrella's credit card. (*Id.* at 9, 13.)